UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NUVASIVE, INC.,
    Plaintiff,

v.                                                                            CIVIL ACTION NO. 21-11644-DJC

RIVAL MEDICAL, LLC, *et al.*,
    Defendants.

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION TO QUASH (#21).

KELLEY, U.S.M.J.

I. Introduction.

NuVasive, Inc. filed this action against Rival Medical, LLC ("Rival Medical"), Timothy Day, and Monique Day, bringing claims to pierce the corporate veil, impose alter ego liability, and for fraudulent transfer due to the Days' connection with co-defendant Rival Medical. (#1.) NuVasive alleges that Timothy Day is Rival Medical's registered agent in Massachusetts and that Monique Day is Rival Medical's manager; the two own Rival Medical's membership. *Id.* ¶¶ 3-4. This lawsuit arises out of an arbitration award of $617,485.04 that Rival Medical has refused to pay NuVasive. *Id.* ¶¶ 17-18. NuVasive now alleges that the Days abused the corporate form such that Rival Medical's liability should be imposed on them. *Id.* ¶ 22.

In support of its claims, NuVasive served a third-party subpoena on Bank of America, seeking the Days' personal bank records. (#21 at 1.) The Days have moved to quash the subpoena or, in the alternative, for the court to issue a protective order to prevent NuVasive from obtaining the materials it seeks. *Id.* NuVasive opposes the motion. (#25.) The court heard argument on the

1

motion on March 15, 2022. For the reasons set out below, the Days' motion to quash or for the court to issue a protective order is denied.

## II. Motion to Quash.

"A Rule 45 subpoena must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *Jiajing Beijing Tourism Co. v. Aeroballoon United States*, No. 20-cv-11313-MBB, 2021 U.S. Dist. LEXIS 249671, at *11 (D. Mass. Oct. 12, 2021) (quoting *Green v. Cosby*, 152 F. Supp. 3d 31, 34 (D. Mass. 2015)). "Motions to quash are governed by Federal Rule of Civil Procedure 45, which provides that a district court must 'quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter.'" *Delaney v. Town of Abington*, 890 F.3d 1, 12 (1st Cir. 2018) (quoting Fed. R. Civ. P. 45(d)(3)(A)(iii)). "The burden to demonstrate that a privilege applies 'rests with the party resisting discovery.'" *Id.* (quoting *FDIC v. Ogden Corp.*, 202 F.3d 454, 460 (1st Cir. 2000)). "A party has standing to quash a subpoena served on a non-party if he or she has a personal right or privilege with respect to the requested information." *Enargy Power (Shenzhen) Co. v. Wang*, No. 13-cv-11348-DJC, 2014 U.S. Dist. LEXIS 67708, at *13 n.4 (D. Mass. May 16, 2014).

While a party has a privacy interest in personal bank records, where those records are relevant courts will deny a motion to quash. *See* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2017) ("Although a subpoena may be quashed if it calls for clearly irrelevant matter, the district judge need not pass on the admissibility of the documents sought in advance of trial nor quash a subpoena demanding their production if there is any ground on which they might be relevant."); *Enargy Power (Shenzhen) Co.*, 2014 U.S. Dist. LEXIS 67708, at *12 (denying motion to quash, but narrowing subpoena's scope where defendant's bank records were relevant to allegations that defendant stole and sold trade secrets)

(court limited subpoena by time period and to bank account statements and wire transfer activities; excluded request for mortgage and loan documents); *U.S. Reg'l Econ. Dev. Auth., LLC v. Matthews*, No. 3:16-cv-01093, 2018 U.S. Dist. LEXIS 78908, at *26 (D. Conn. May 10, 2018) (concluding that, where plaintiff sought bank records for defendants who were accused of misappropriating funds, "the relevance of the documents sought outweighs Defendants' claimed privacy interest"); *cf. Guarriello v. Family Endowment Partners, LP*, No. 14-cv-13351-IT, 2015 U.S. Dist. LEXIS 197741, at *12 (D. Mass. Oct. 30, 2015) (quashing subpoena for personal bank records where, unlike here, there were no allegations that personal accounts were connected to plaintiff's claims).

The materials NuVasive seeks are relevant to its claims: its case is built around the allegation that the Days comingled Rival Medical funds with their personal accounts. *See* #1. The Days argue that NuVasive can glean the information it seeks from Rival Medical bank records. (#21 at 3.) The court, however, finds persuasive NuVasive's argument that the Days' records might show that they deposited funds that should have gone to Rival Medical into their personal accounts or, as counsel noted at oral argument, that the Days used their personal funds to pay Rival Medical's debts. (#25 at 6; #30). Neither of these types of transactions would be evident from Rival Medical's records alone. *See Compania de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua, S.A.B. de C.V.*, No. 1:15-CV-02120-JLK, 2019 WL 8223561, at *4 (D. Colo. Dec. 31, 2019) (denying motion to quash post-judgment discovery where winning party accused losing party of hiding funds and stating that, "[a]n actual finding of fraud or alter ego is not necessary, 'only evidence sufficient to raise legitimate questions about the relationship between the judgment debtor and the [third party], and consequently, transactions between the two.'" (quoting *Reg'l Dist. Council by and through Parker v. Mile High Rodbusters, Inc.*, No. 13-cv-00214, 2019 WL

1856743, at *2 (D. Colo. Apr. 24, 2019)). The motion to quash is therefore denied.

In order to alleviate concerns the Days have expressed about their privacy interests, the parties are to confer and within one week of this order propose a confidentiality order that will govern the parties' use of the materials produced in response to the subpoena. *See Jiajing Beijing Tourism Co.*, 2021 U.S. Dist. LEXIS 249671, at *13-14 (noting that production of defendant's tax returns would be subject to parties' confidentiality order); *Fundacion Segarra-Boerman e Hijos v. Martinez-Alvarez*, No. 16-cv-2914, 2020 U.S. Dist. LEXIS 260965, at *11 (D.P.R. July 28, 2020) (noting that protective order would obviate need to quash where party was objecting to production of financial materials related to an alter ego claim).

### III. Alternative Relief: Motion for Protective Order.

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). "The party seeking a protective order has the burden of demonstrating good cause." *Trs. of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-cv-11935-PBS, 2014 U.S. Dist. LEXIS 203817, at *18 (D. Mass. Sep. 8, 2014).

The Days' basis for seeking a protective order is (as with their motion to quash) their contention that their bank records are private, that they contain information that NuVasive can obtain through Rival Medical's records, and that the requests are not proportional to the needs of the case. (#21 at 3.) But they "ha[ve] made no showing that the true purpose of the subpoena is to annoy, embarrass, or oppress, or that there is no prospect that it will lead to the discovery of relevant evidence, or that it was issued in bad faith." *McCarron v. J.P. Morgan Sec., Inc.*, No. 07-10786-RGS, 2008 U.S. Dist. LEXIS 40059, at *7 (D. Mass. May 14, 2008) (denying protective

order for plaintiff's personnel records). The Days have failed to show good cause to issue a protective order where the materials NuVasive seeks are relevant and can be protected from further disclosure through a confidentiality order. All the more so where NuVasive has demonstrated that obtaining Rival Medical's financial records alone may be insufficient, given allegations about how the Days comingled funds. *See Zurich Am. Ins. Co. v. Hardin*, No. 8:14-cv-775-T-23, 2019 U.S. Dist. LEXIS 117097, at *10 (M.D. Fla. July 15, 2019) (denying motion for protective order and allowing subpoena seeking bank records in case alleging alter ego liability).

## IV. Conclusion.

For the reasons discussed herein, defendants' motion to quash (#21) is DENIED. The parties are to confer and within one week of the date of this order jointly propose a confidentiality order that will govern their use of the materials produced in response to the subpoena.

March 15, 2022

/s/ M. PAGE KELLEY
M. Page Kelley
Chief United States Magistrate Judge