UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NUVASIVE, INC.,
    Plaintiff,

v.                                                                  CIVIL ACTION NO. 21-11644-DJC

RIVAL MEDICAL, LLC, *et al.*,
    Defendants.

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION TO COMPEL (#61).

KELLEY, U.S.M.J.

I. Introduction.

This lawsuit arises out of an arbitration award that defendant Rival Medical, LLC has refused to pay plaintiff NuVasive, Inc. NuVasive alleges that co-defendants Timothy Day ("Day"), Rival Medical's registered agent in Massachusetts, and Monique Day, Rival Medical's manager, abused the corporate form such that Rival Medical's liability should be imposed on them. NuVasive brings claims to pierce the corporate veil, impose alter ego liability, and for fraudulent transfer. (#1 ¶¶3-4, 17-18, 22, 39-65.)

This court has issued two previous orders rejecting defendants' objections to third-party subpoenas served by NuVasive in support of its claims. (#31, Bank of America; #41, Roy & Rurak, LLC). In this order, the court rejects defendants' objection to the third-party subpoena to Alphatec Spine, Inc. (#65), and allows NuVasive's motion to compel compliance. (#61); *see* #60.

1

II. <u>History of the Case</u>.

The complaint was filed on October 8, 2021. (#1.) Initially, fact discovery was scheduled to close on November 30, 2022, and motions for summary judgment were due by January 17, 2023. (##19, 20.) Defendants filed the motion to quash the Bank of America subpoena on February 14, 2022 (#21), and the court denied the motion on March 15. (#31.) NuVasive filed the motion to compel compliance with the Roy & Rurak, LLC subpoena on April 21 (#36), and the court allowed the motion on May 16. (#41.) In the interim, NuVasive filed a motion to compel defendants to fully respond to interrogatories and requests for production of documents (#38), which the court allowed on May 18. (#43.) Before the expiration of the fact discovery deadline, NuVasive moved to modify the court's original scheduling order. (#44.) Defendants did not oppose the motion. *See* #44 at 5. Judge Casper allowed the motion, extending the fact discovery deadline to January 30, 2023, and the summary judgment deadline to March 17. (#45.)

On March 15, 2023, NuVasive requested an extension of the summary judgment deadline "in order to re-open and complete Mr. Day's deposition." (#47 at 2) ("the March 15 motion"). NuVasive represented that, on February 20, counsel for NuVasive in actions before Delaware[1] and California[2] courts notified counsel for NuVasive in this action about the production of discovery in the other actions indicating that Day used a cell phone number in 2018 and 2019 that had not been previously identified in discovery. The production included text messages between Day and Alphatec's Chief Executive Officer, Patrick Miles, in 2018 and 2019 ("the Day-Miles text messages"). In the March 15 motion, NuVasive argued that the Day-Miles text messages were

---

[1] *NuVasive, Inc. v. Patrick Miles, et al.*, No. 2017-0720-SG (Del. Chan.).

[2] *Alphatec Spine, Inc. v. NuVasive, Inc.*, Lead Case No. 3-2017-00038583-CUBPT-CLT (Cal. Super.)

2

relevant to Day's decision to leave NuVasive, shutter Rival Medical's operations, and transition to Alphatec, and thus to NuVasive's claim that Rival Medical's corporate veil should be pierced. (#47 at 3-4, 7.)

Before filing the March 15 motion, NuVasive's counsel in this action contacted defense counsel twice, to no avail. On March 6, NuVasive's counsel emailed defense counsel about the newly-disclosed cell phone number and the need to re-open Day's deposition. Defense counsel did not respond. (#47 at 4); *see* #47-1 at 2-3. On March 13, counsel emailed defense counsel about the need to extend the summary judgment deadline. Defense counsel did not respond. (#47 at 4); *see* #47-1 at 2.

In opposition to the March 15 motion, defendants argued that NuVasive had not identified the newly-disclosed cell phone number in the motion or attached to the motion the Day-Miles text messages or the discovery responses in which Day allegedly misrepresented his cell phone numbers. NuVasive thus "failed to demonstrate the necessity for further discovery" and "diligen[ce]" in this action. (#49 at 2-3.) Judge Casper allowed the March 15 motion:

> Having reviewed the motion, D. 47, and the opposition, D. 49, the Court ALLOWS the motion for extension for 45 days until 5/22/23 for NuVasive to reopen Day's deposition and file a dispositive motion.

(#51.)

On May 19, NuVasive requested another extension of the summary judgment deadline as well as an order directing Day to sit for the re-opened deposition. (#59 at 1-2) ("the May 19 motion"); *see* #60. Defendants oppose the May 19 motion (#63), which remains pending and has not been referred to this court.

NuVasive filed the present motion to compel compliance with the Alphatec subpoena on May 30, relying on its memorandum in support of the May 19 motion. (#61 at 2.) NuVasive's

3

memorandum and exhibits establish this chronology: Six days after Judge Casper allowed the March 15 motion, on April 11, NuVasive's counsel emailed defense counsel about dates on which to complete Day's re-opened deposition. (#60-1 at 2.)

On April 17, NuVasive's counsel emailed Alphatec's counsel requesting permission to use twenty-one documents produced in the Delaware and California actions, including the Day-Miles text messages, in the hope of avoiding a subpoena. (#60-6 at 4-5.) By April 24, Alphatec's counsel had not responded, so NuVasive's counsel followed up by indicating that NuVasive would serve an attached subpoena absent an informal agreement regarding the twenty-one documents plus three additional documents produced in the Delaware and California actions. (#60-6 at 3-4.) In the emails, NuVasive's counsel identified the twenty-four total documents by Bates number. *Id*. at 3-5.

On April 25, Alphatec's counsel instructed NuVasive's counsel to serve a subpoena. (#60-6 at 3.) That same day, NuVasive's counsel did so, formally seeking production of the twenty-four documents produced in the Delaware and California actions, including the Day-Miles text messages. *Id*.; *see* #60-7 at 5. NuVasive describes the other twenty-three documents as emails, some with attachments, call-in information, and text messages. *Id*. at 4-5.[3]

On May 5, Alphatec's counsel emailed NuVasive's counsel about an extension of time to serve responses and objections to the subpoena. (#60-6 at 2.) NuVasive's counsel questioned the need for an extension and offered to discuss on the phone. *Id*. That same day, Alphatec's counsel

---

[3] The court understands the subpoenaed documents to be subject to protective order in the Delaware and California actions. (#60 at 5); *see* #47 at 4. Although some of the emails involved lawyers, *see id*. at 4-5, there is no developed argument that the subpoenaed documents are privileged. As discussed below, Alphatec no longer objects to their production, and defendants' only argument is that the subpoena was served after close of discovery without prior leave.

served the responses and objections. (#60-8 at 21.) Alphatec argued, *inter alia*, that the subpoena was vague and burdensome and that the subpoenaed documents were irrelevant. *Id*. at 2-20. Now, in response to the present motion, Alphatec states that it has "no objection" to production of the subpoenaed documents and will "immediately" produce them if the court rejects defendants' objections. (#66 at 1.)

> Defendants raise just one objection:
>
> The Court should deny NuVasive's Motion to Compel Alphatec, Inc. to provide documents responsive to the subpoena duces tecum because discovery in this case had expired on January 30, 2023 with the sole exception to "reopen Mr. Day's deposition." The Court did not authorize any other forms of discovery to take place in this short window and NuVasive did not seek leave of Court before serving its subpoena duces tecum on Alphatec, Inc. Therefore, the subpoena duces tecum to Alphatec, Inc. is invalid and the Motion to Compel should be denied.

(#65 at 2-3.)[4]

Because Alphatec and defendants do not argue to the contrary, the court accepts NuVasive's representations that the subpoenaed documents were not produced in discovery previously and are relevant to this action. *See* #60 at 2, 7-9. In *NuVasive v. Day*, #19-cv-10800-DJC, Judge Casper granted summary judgment in favor of NuVasive on its breach of contract claim against Day, finding that Day breached non-competition and non-solicitation obligations after he stopped working for NuVasive and went to work for Alphatec. *See* #19-cv-10800-DJC, #185; *see also* 2021 WL 1087982 (D. Mass. Feb. 18, 2021). In discovery in that action, NuVasive requested, among other things, the cell phone numbers that Day regularly used in 2018 to 2019. In response, Day failed to identify the cell phone number at issue here. (#19-cv-10800-DJC, #196-7 at 3.)

---

[4] Defendants raise a similar objection in opposition to the pending May 19 motion. (#63 at 2.)

5

Moreover, after grant of partial summary judgment in that action, this court discredited Day's explanation for deleted text messages and recommended that Judge Casper draw an adverse inference in awarding damages to NuVasive. (#19-cv-10800-DJC, #217.) The recommendation was based in part upon a determination that NuVasive had shown that the deleted text messages could not be recovered. In response to NuVasive's subpoena in that action, Alphatec refused to produce text messages between its executives and Day. *Id.* at 8, 15. Judge Casper adopted the recommendation, *see* #19-cv-10800-DJC, #226, and drew the adverse inference in awarding $1,602,123, *see* #19-cv-10800-DJC, #251 at 9, 18; *see also* 2022 WL 899244 (D. Mass. Mar. 28, 2022).

III. Discussion.

There is a relationship between Fed. R. Civ. P. 26 and 45 and a party generally should not be allowed to use a third-party subpoena after expiration of the discovery deadline. *Williamson v. Horizon Lines, LLC*, 248 F.R.D. 79, 83 (D. Me. 2008) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2452 (3rd ed. 2008)); *see Hearts With Haiti, Inc. v. Kendrick*, #13-cv-00039-JAW, 2014 WL 12650626, at *1 (D. Me. Nov. 30, 2014) (Rich, M.J.); *see also Bradley v. Wells Fargo Bank, N.A.*, #12-cv-127-PB, 2015 WL 12851707, at *1 (D. N.H. Sept. 18, 2015) (Johnstone, M.J.); *Alper v. United States*, 190 F.R.D. 281, 283-284 (D. Mass. 2000). An exception to the rule exists for discovery that could not have been requested before expiration; however, judges in the First Circuit have held that the exception does not excuse the party seeking discovery from first seeking leave of the court to serve the third-party subpoena. *Hearts With Haiti*, 2014 WL 12650626, at *1; *see Bradley*, 2015 WL 12851707, at *2 n.2. A party objecting to a late third-party subpoena has standing to enforce the court's scheduling order. *Progressive Emu Inc. v. Nutrition & Fitness, Inc.*, 785 Fed. Appx. 622, 630-631 (11th Cir. Aug.

13, 2019) (per curiam) (unreported) (citing *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)).

Defendants do not cite these, or any other, cases but note, correctly, that NuVasive did not first seek leave of the court to serve the third-party subpoena on Alphatec. (#65 at 2-3.) Yet through the March 15 motion, NuVasive sought and obtained Judge Casper's leave to re-open Day's deposition. (#51.) The March 15 motion was expressly based upon the newly-disclosed cell phone number and Day-Miles text messages. (#47.) Moreover, Judge Casper rejected defendants' arguments in opposition to the March 15 motion (#51), including that NuVasive "failed to demonstrate the necessity for further discovery" and "diligen[ce]" in this action. (#49 at 2-3.)

Just as cause existed to extend the discovery deadline for purposes of re-opening Day's deposition, cause exists to extend the discovery deadline for purposes of serving the subpoena on Alphatec.[5] Through no fault of its own, NuVasive did not learn of the newly-disclosed cell phone number and Day-Miles text messages until three weeks after expiration of the discovery deadline. *See Tubens*, 976 F.3d at 106 ("the four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import. . .") (citations and punctuation omitted); *Rivera-Almodovar*, 730 F.3d at 26-27 (excusable neglect "encompasses. . .intervening circumstances 'beyond the party's control'") (quoting *Pioneer*, 507 U.S. at 388).

---

[5] Fed. R. Civ. P. 6(b)(1)(B)'s "excusable neglect" standard applies where a party seeks to extend a discovery deadline after its expiration. *Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 26-27 (1st Cir. 2013); *see, e.g.*, *Providence Piers, LLC v. SMM New England, Inc.*, #12-532S, 2015 WL 11143862, at *3 (D. R.I. May 13, 2015); *see generally Tubens v. Doe*, 976 F.3d 101, 104-105 (1st Cir. 2020) (factors relevant to "excusable neglect" analysis include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith") (quoting *Pioneer Invest. Srvcs. Co. v. Brunswick Assoc. Ltd. Part.*, 507 U.S. 380, 395 (1993)).

Three weeks passed between February 20 and the March 15 motion. But, in that time, defense counsel twice failed to respond to NuVasive's counsel's emails. An insubstantial amount of time passed between Judge Casper's allowance of the March 15 motion and NuVasive counsel's initial email to Alphatec's counsel (12 days). That initial email was also met by silence. Likewise, an insubstantial amount of time passed between Alphatec's objections to the subpoena and the pending May 19 motion (13 days) and between that motion and this one (11 days).

The court recognizes that defendants have already filed their summary judgment motion. They did so on March 17 (#48), with notice that NuVasive was seeking to re-open Day's deposition because of the newly-disclosed cell phone number and Day-Miles text messages. Most significantly, before the court, Alphatec does not press its claims that the subpoenaed documents are irrelevant or that the subpoena is vague and burdensome. (#63); *contrast* #60-8. Alphatec is willing to produce the documents immediately. Defendants' only argument is that the discovery deadline has already expired. In light of Day and defense counsel's conduct, that argument is disingenuous, at best.

## IV. Conclusion.

For the reasons set out above, NuVasive's motion to compel (#61) is ALLOWED.

June 14, 2023

/s/ M. PAGE KELLEY
M. Page Kelley
United States Magistrate Judge